## J. COTTENHAM v. THE STATE.

THEFT FROM A HOUSE.—Article 764 of the Penal Code (Pasc. Dig., Art.
  2408), which punishes theft from a house as a specific offense, was unquali-
  fiedly repealed on the 21st of August, 1876.   On the 26th of August, 1876,
  the appellant was indicted under that Article, and was convicted.   *Held,*
  that the indictment, trial, and conviction were without jurisdiction or
  authority of law.

APPEAL from the District Court of Wharton.   Tried
below before the Hon. W. H. BURKHARDT.

The trial below was had on the 28th of August, 1876,
:and before the promulgation of the acts of the legislature
then in session.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the
State.

WHITE, J.   Appellant was indicted for theft from a house,
under Article 764 of the Penal Code (Pasc. Dig., Art.
2408), the article charged to have been stolen being '' a

pair of dark-green striped pants, of the value of one dollar and fifty cents, of the property of the said J. N. Dennis," etc.

This indictment was presented to and filed in the district court of Wharton county on the 26th day of August, 1876.

Before the finding of said indictment there had been passed by the legislature of the state the following act:

"An act to repeal Article 764 of an act entitled 'An act to establish a penal code for the state of Texas,' approved August 28, 1856.

"Section 1. Be it enacted by the legislature of the state of Texas, that Article 764 of an act entitled 'An act to establish a penal code for the state of Texas,' approved August 28, 1856, be, and the same is hereby, repealed.

"Sec. 2. Whereas, the jails of the country are over-burdened with parties charged with petty thefts, and the several counties in the state are daily increasing their indebtedness in consequence of the necessity of the support of such criminals; therefore, there exists a public emergency and necessity for immediate relief, and that this act go into effect and be in force from and after its passage. Approved August 21, 1876." Acts Fifteenth Legislature, 233.

This indictment having been found subsequently to the repeal of the law making theft from a house one of the offenses known to our laws, the district court had no jurisdiction to try, and the defendant could not be tried and convicted, under it, for that offense.

The judgment of the lower court is, therefore, reversed and the cause remanded.

*Reversed and remanded.*